```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| THOMAS JAMES CLAUSO, | |
| Petitioner, | Civ. No. 20-20746 (NLH) |
| v. | OPINION |
| JOHN POWELL, et al, | |
| Respondents. | |

APPEARANCES:

Thomas James Clauso
59252/000008532A
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Thomas James Clauso, a prisoner presently confined in South Woods State Prison, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1988 conviction and sentence. See ECF No. 1. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I. BACKGROUND

    In 1988, Petitioner was convicted of attempted murder, unlawful possession of a handgun, possession of a weapon for an unlawful purpose, and aggravated assault by a jury in the Superior Court of New Jersey, Law Division, Camden County. For

background purposes, the Court adopts and recites the history of

Petitioner's criminal case as set forth in the opinion

dismissing a prior habeas corpus petition:

> The Law Division sentenced Petitioner to an extended
> term of life in prison with a 25-year period of parole
> ineligibility for attempted murder, a consecutive five-
> year term, with a two-and-one-half-year period of parole
> ineligibility, for aggravated assault, and concurrent
> five and 10-year terms for the weapons charges.
> Petitioner appealed, and on March 10, 1992, the Superior
> Court of New Jersey, Appellate Division, affirmed the
> convictions, but remanded for reconsideration of the
> imposition of consecutive terms.  The Supreme Court of
> New Jersey granted certification and summarily remanded
> to the Appellate Division for reconsideration . . . .
> After reconsidering the issue, the Appellate Division
> affirmed.  On April 8, 1993, the Supreme Court of New
> Jersey denied certification.

Clauso v. Hendricks, No. 03-3090 (D.N.J. Oct. 31, 2005) (ECF No.

17 at 2) (internal citations omitted); see also State v. Clauso,

627 A.2d 1136 (N.J. 1993) (table); State v. Clauso, No. A-1008-

88 5 (N.J. Super. Ct. App. Div. Sept. 16, 1992).

Petitioner filed a habeas corpus petition under 28 U.S.C. §

2254 on March 2, 1995.[1]  Clauso v. Morton, Civil No. 95-1003

(JHR) (D.N.J. filed Mar. 2, 1995).  The Honorable Joseph H.

Rodriguez dismissed the petition as unexhausted, id. (June 6,

1996)(ECF No. 7), and the United States Court of Appeals for the

---

[1] Petitioner has a lengthy litigation history in this District.
The Honorable Claire C. Cecchi summarized Petitioner's
litigation history at length in an order dismissing Petitioner
fifth petition under § 2254.  Clauso v. Glover, No. 12-3969
(D.N.J. Sept. 26, 2012) (ECF No. 7 at 2-4).

Third Circuit denied Petitioner's request for a certificate of appealability, Clauso v. Morton, No. 96-5440 (3d Cir. order filed Dec. 18, 1996).

Petitioner filed another § 2254 petition on June 18, 2003. Clauso, No. 03-3090 (D.N.J. June 18, 2003) (ECF No. 1). The Honorable Freda L. Wolfson notified Petitioner of the consequences of filing such a petition under the Antiterrorism and Effective Death Penalty Act("AEDPA") and gave him an opportunity to withdraw the petition and file one all-inclusive petition. Id. (July 16, 2003) (ECF No. 3) (citing Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000)). Judge Wolfson dismissed the petition as barred by AEDPA's one-year statute of limitations. Id. (D.N.J. Oct. 31, 2005) (ECF No. 17). The Third Circuit denied Petitioner's request for a certificate of appealability. Clauso v. Hendricks, No. 05-5248 (3d Cir. Apr. 21, 2006).

According to Petitioner, he filed a post-conviction relief ("PCR") motion that was construed as a motion for a new trial in state court on August 24, 2012. ECF No. 1 at 18. Petitioner asserts he has yet to receive a decision on that motion. Id. Petitioner indicates he has filed several other motions in the state courts but has not received a decision on any of them. Id. at 20.

3

In this § 2254 petition, Petitioner raises claims of misconduct by the trial court. Specifically, he asserts the trial judge had a conflict of interest that Petitioner did not discover until 2012. Id. He claims to have no available state court remedies because the state courts have refused to rule on his motions. Id.

II. DISCUSSION

A. Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Section 2254(a) of Title 28 provides in relevant part:

(a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

4

relief in the district court, the judge must dismiss the petition . . . ."  28 U.S.C. § 2254 Rule 4.

B. <u>Analysis</u>

AEDPA restricts this Court's jurisdiction over a second or successive § 2254 petition.  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Rule 9 of the Rules Governing Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."  28 U.S.C. § 2254 Rule 9.  Absent this authorization, the Court lacks jurisdiction over any second or successive § 2254 petition.  <u>Burton v. Stewart</u>, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

Petitioner does not state that he has received permission from the Third Circuit to file this second or successive petition; therefore, this Court lacks jurisdiction.  Whenever a

5

civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As Petitioner has already filed a motion under § 2254, he may only file a second or successive motion with the permission of the Third Circuit. 28 U.S.C. § 2244(b)(3)(A).

The Court finds that it is not in the interests of justice to transfer this petition to the Third Circuit for consideration. Judge Cecchi dismissed a prior § 2254 petition raising identical claims as time barred. Clauso v. Glover, No. 12-3969 (D.N.J. July 30, 2015) (ECF No. 16), certificate of appealability denied, No. 15-3370 (3d Cir. Mar. 2, 2016). Therefore, it would be futile to transfer this petition to the court of appeals as it has already denied a certificate of appealability on these issues.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when . . . jurists

6

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition as second or successive is correct.

III. CONCLUSION

For the foregoing reasons, the second or successive § 2254 petition will be dismissed for lack of jurisdiction.  An appropriate order will be entered.


Dated: February 26, 2021          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.